UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE SCHWARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN TALLARICO, et al.,<br><br>    Defendants. | Case No. 14-cv-00368-JCS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915, VACATING CASE MANAGEMENT CONFERENCE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 6 |

## I.  INTRODUCTION

Plaintiff has filed a complaint against Defendant Steven Tallarico. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court also addresses Plaintiff's Motion to Appoint Counsel. For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to amend. The Court **vacates** the case management conference set for **April 25, 2014**. The Motion to Appoint Counsel is denied without prejudice.[1]

## II.  SECTION 1915 REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a federal court should dismiss an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). A plaintiff's burden at the pleading stage is

---

[1] Plaintiff has consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

relatively light under Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed.R. Civ. P. 8(a) (requiring, *inter alia*, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). This is particularly true of complaints drafted by pro se plaintiffs, which are construed liberally to give the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Nonetheless, the factual allegations of a complaint must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In *Ashcroft v. Iqbal*, the Supreme Court explained that under *Twombly*, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

Plaintiff's complaint is handwritten. It alleges, in part, as follows:

> This lawsuit has been decades in the making. The Defendants in this matter are no strangers to the consequences of fraudulent business practices. I am respectfully requesting the federal court system look thoroughly into the situation that has utilized the potentially corrupt partnerships between big business and their ties to various aspects of federal government, to time and time again suppress my constitutional rights as well as civil liberties.

Complaint at 2. The subsequent allegations in Plaintiff's complaint do not allege any further relevant facts and do not identify any specific claims. Plaintiff's allegations are too vague and conclusory to state any claim under the standard set forth in *Twombly* and *Iqbal*. Accordingly, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### III.   REQUEST FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). As Plaintiff's complaint fails to state any viable claim the Court does not find that there are exceptional circumstances that warrant appointment of counsel at this time. Therefore, Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED with leave to amend. Any amended complaint must be filed within thirty days of the date of this Order. If an amended complaint is not filed, the Clerk is directed to close the file. The Motion to Appoint Counsel is DENIED without prejudice.

Plaintiff is encouraged to contact the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Appointments can be made by signing up in the appointment book located on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: February 28, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge